FILED by __VK__ D.C.
ELECTRONIC

**APR. 21, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| SubAir Systems, LLC, | ) | |
| Plaintiff, | ) | **08-60570-MC-DIMITROULEAS/ROSENBAUM** |
| | ) | |
| v. | ) | Civil Action No. 1:06-cv-02620-RBH |
| | ) | Pending in the District of South Carolina, |
| PrecisionAire Systems, Inc., and | ) | Aiken Division |
| Precision Small Engine Company, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MOTION TO QUASH SUBPOENAS
### AND INCORPORATED MEMORANDUM IN SUPPORT

Defendant Precision Small Engine Company moves this Court for an Order quashing the

subpoenas served by SubAir Systems, LLC on Precision Small Engine Company's employees.

The basis for this Motion is that Plaintiff SubAir Systems, LLC (1) failed to provide reasonable

notice to either the witnesses and opposing counsel, (2) has taken, noticed, and indicated a desire

to take more than 10 depositions, and (3) lead counsel for Defendants is presently in trial in

another federal case pending in the District of South Carolina (Civil Action No. 6:05-cv-1700-

HFF). Therefore, Defendant Precision Small Engine Company respectfully requests an Order

quashing the subpoenas served by SubAir Systems, LLC on Precision Small Engine Company's

employees.

## I.   STATEMENT OF FACTS

On or around April 11, 2008, Plaintiff randomly noticed the depositions of four (4) Precision Small Engine Company employees.[1]  Concurrently, upon information and belief, Plaintiff served these employees with subpoenas requiring their attendance for a deposition on April 21, 2008, in Fort Lauderdale, Florida.[2]

On or around April 14, 2008, Plaintiff randomly noticed the deposition of a fifth Precision Small Engine Company employee.[3]  Concurrently, upon information and belief, Plaintiff served the fifth employee with a subpoena requiring his attendance for a deposition on April 21, 2008, in Fort Lauderdale, Florida.[4]

On April 15, 2008, Defendants reminded Plaintiff of their unavailability during the weeks of April 21 and 28, due to a federal trial in the District of South Carolina anticipated to run between **April 17 and May 2** (Civil Action No. 6:05-cv-1700-HFF).[5]

On April 16, 2008, Defendants notified Plaintiff of Defendants' objections to the deposition subpoenas, for at least the following reasons: (1) a lack of any notice prior to April 11 of SubAir's desire to depose Precision Small Engine Company's employees, (2) lack of reasonable notice to Defendants' counsel and the witnesses, (3) Defendants' counsel being

---

[1] Exhibit A, April 11, 2008 Notice of Taking Depositions of Fitzwilliam, Jones, Walkling, and Napolitano.

[2] Exhibit B, April 11, 2008 Deposition Subpoenas to Fitzwilliam, Jones, Walkling, and Napolitano.  Notably, Defendants requested copies of the respective Proofs of Service from SubAir.  As of the time of filing, none were provided by SubAir to Defendants.  Out of an abundance of caution, Defendant Precision Small Engine Company brings the present motion, reserving its right to assert improper service or lack of personal service of the five (5) deposition subpoenas.

[3] Exhibit C, April 11, 2008 Amended Notice of Taking Depositions of Fitzwilliam, Jones, Walkling, Napolitano, and Paul.

[4] Exhibit D, April 14, 2008 Deposition Subpoena to Paul.

[5] Exhibit E, April 15, 2008 letter from Mintz to Flint.

2

unavailable to attend due to a scheduled trial in the District of South Carolina (Civil Action No. 6:05-cv-1700-HFF), (4) SubAir did not attempt to coordinate mutually convenient dates for these depositions with either Defendants or the witnesses, (5) Precision Small Engine Company employee depositions scheduled for the same day is harassing and unduly burdensome to Precision Small Engine Company's business and the witnesses, and (6) SubAir has already collectively taken, noticed, and indicated a desire to take more than 10 depositions.[6]

Later that same day, Plaintiff responded to Defendants' objections.[7]  Plaintiff insists that the 5 Precision Small Engine Company employee depositions randomly noticed for April 21 must proceed accordingly.

Counsel for the parties then conferred by phone, and were unable to reach agreement. Defendant Precision Small Engine Company now seeks an Order quashing the subpoenas served by SubAir Systems, LLC on Defendant Precision Small Engine Company's employees.

## II.    ARGUMENT

### A.    Plaintiff Failed to Provide Any Prior Notice of Its Desire to Depose Defendant Precision Small Engine Company's employees

Rule 45 governs the issuance of subpoenas.  As stated in Rule 45(3)(A)(i), "the issuing court must quash or modify a subpoena that fails to allow a reasonable time to comply."

Plaintiff SubAir failed to provide any notice prior to April 11 of SubAir's desire to depose these employees on April 21.  Indeed, since March, the parties have been continuously discussing a deposition schedule that will allow the orderly conduct and quickest conclusion of discovery in this case.  However, at no point during these discussions, or since the commencement of the present litigation, did SubAir identify any Precision Small Engine

---

[6] Exhibit F, April 16, 2008 letter from Mintz to Flint.
[7] Exhibit G, April 16, 2008 letter from Flint to Mintz.

3

Company employees for deposition, other than its principal. Rather, the first time SubAir identified a desire to depose these 5 Precision employees was April 11 and 14, respectively.

Incredulously, SubAir did not attempt to coordinate dates with Defendants prior to noticing these depositions of Defendant Precision Small Engine Company's employees – using the April 22 close of discovery as an excuse for this conduct. SubAir randomly noticed these depositions, all for the same day (April 21), knowing all along of Defendants' scheduling conflict. In addition to the scheduled trial in Federal Court, SubAir's attempt to conduct these depositions in this manner on April 21 is harassing and unduly burdensome to Defendant Precision Small Engine Company's business and the witnesses. Precision Small Engine Company is a small business – losing over half of its workforce for an entire day to depositions will undoubtedly have a detrimental impact on Precision Small Engine Company's ability to conduct business.

Therefore, Defendant Precision Small Engine Company requests an Order quashing the subpoenas served by SubAir Systems, LLC on Defendant Precision Small Engine Company's employees. In the event the Court permits SubAir to depose Precision Small Engine Company's employees, Defendant requests that the depositions be staggered on different days to reduce the detrimental impact on Precision Small Engine Company's business.

**B.      Plaintiff has Collectively Taken, Noticed, and Indicated a Desire to Take Well More Than 10 Depositions**

SubAir has taken, noticed, and indicated a desire to take far more than 10 depositions. Defendants do not consent to SubAir taking more than 10 depositions. Defendants desire the orderly conduct and quickest conclusion of discovery in this case, while SubAir continues to seek free-for-all discovery with no end to this case in sight.

4

Including anticipated expert depositions, Plaintiff SubAir has taken, noticed, or indicated a desire to take approximately 26 depositions.[8]  In the event the Court allows SubAir to take 26 depositions, including 17 after the close of discovery, Defendant requests that the Precision Small Engine Company employee depositions be staggered on different days to reduce the detrimental impact on Precision Small Engine Company's business.

### C.   Defendants' Counsel is Presently in Trial in Another Case Pending in the District of South Carolina

Defendants' lead counsel is presently in trial on another case in the District of South Carolina (Civil Action No. 6:05-cv-1700-HFF), which may run until May 2.  Thus, Defendants' lead counsel is unavailable to attend his client's employee depositions noticed for April 21.  Lead counsel's associate, Rodney Mintz, is providing trial support throughout the duration of this trial and is also unavailable.  Indeed, SubAir knew of Defendants' scheduling conflict, yet proceeded to schedule depositions for this time frame.  SubAir simply ignored this scheduling conflict— contrary to professional courtesy and the South Carolina Lawyer's Oath—by insisting that the April 21 depositions in Fort Lauderdale, Florida proceed accordingly.  Therefore, Defendant Precision Small Engine Company requests an Order quashing the subpoenas served by SubAir Systems, LLC on Defendant Precision Small Engine Company's employees.

### III.   Conclusion

For all the foregoing reasons, Defendant Precision Small Engine Company respectfully requests an Order quashing the subpoenas served by SubAir Systems, LLC on Defendant Precision Small Engine Company's employees.  In the event the Court permits SubAir to depose

---

[8] This is South Carolina Counsel for Defendants' best estimate as to the number of depositions SubAir now seeks based upon the most recent correspondence and proposed deposition schedule. Notably, this number seems to change daily.

5

Precision Small Engine Company's employees, Defendant requests that the depositions be scheduled on mutually convenient dates and be staggered on different days to reduce the detrimental impact on Precision Small Engine Company's business.

April 18, 2008

Respectfully submitted,

Martin J. Champagne, Jr.
FL Bar No. 605921
Haas, Dutton & Lewis, PL
4921 Memorial Highway, Suite 200
Tampa, FL 33634
813.247.2222
813.229.3311 (facsimile)
email: mchampagne@haasduton.com

Of Counsel:
Steven R. LeBlanc (Fed. ID #7000)
Rodney K. E. Mintz (Fed. ID #9787)
DORITY & MANNING, P. A.
P. O. Box 1449
Greenville, SC 29602-1449
864.271.1592
864.233.7342 (facsimile)

*Attorneys for Defendants*

6

## Certificate of Service

The undersigned does hereby certify that copies of the foregoing **MOTION TO QUASH**

**SUBPOENAS AND INCORPORATED MEMORANDUM IN SUPPORT** were served upon

the undersigned counsel of record on April 18, 2008 by facsimile and U.S. Mail:

**South Carolina Counsel for SubAir Systems, LLC**

Cort Flint
McNair Law Firm
P. O. Box 10827
Greenville, SC 29603
864-232-4261

April 18, 2008

Martin J. Champagne, Jr.
FL Bar No. 605921
Haas, Dutton & Lewis, PL
4921 Memorial Highway, Suite 200
Tampa, FL  33634
813.247-2222
813.229.3311 (facsimile)
email: mchampagne@haasduton.com

/s/ Rodney K. E. Mintz

Steven R. LeBlanc (Fed. ID #7000)
Rodney K. E. Mintz (Fed. ID #9787)
P. O. Box 1449
Greenville, SC 29602-1449
864.271.1592
864.233.7342 (facsimile)

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

SubAir Systems, LLC,                 )
                                     )
    Plaintiff,                 )
                                     )
    v.                         )    Civil Action No. 1:06-cv-02620-RBH
                                     )    Pending in the District of South Carolina,
PrecisionAire Systems, Inc., and     )    Aiken Division
Precision Small Engine Company,      )
                                     )
                                     )
    Defendants.                )
_____)

## MOTION TO QUASH SUBPOENAS
## AND INCORPORATED MEMORANDUM IN SUPPORT

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

SubAir Systems, LLC,             )
                         )
       Plaintiff,         )
                         )   Civil Action No. 1:06-CV-02620-RBH
v.                      )
                         )   **NOTICE OF TAKING**
PrecisionAire Systems, Inc.,    )   **DEPOSITIONS**
Precision Small Engine Company, )
And Andrew M. Masciarella,    )
                         )
       Defendants.     )

To:   Steven R. LeBlanc, Esquire
      Rodney K. E. Mintz, Esquire
      Douglas L. Lineberry, Esquire
      Dority & Manning, P.A.
      P. O. Box 1449
      Greenville, SC  29602
      Attorneys for Defendants

YOU WILL PLEASE TAKE NOTICE that the plaintiff herein, through its attorneys, will take the deposition on oral examination of the following:

(1)  Name:  Rick Fitzwilliam
      Time:  9:00 a.m.
      Date:  Monday, April 21, 2008

(2)  Name:  Chris Jones
      Time:  11:00 a.m.
      Date:  Monday, April 21, 2008

(3)  Name:  Gene Ann Walkling
      Time:  1:00 p.m.

Date: Monday, April 21, 2008

(4) Name: Charlene Napolitano

Time: 3:00 p.m.

Date: Monday, April 21, 2008

at the office of Veritext Court Reporters, 1 East Broward Blvd., Fort Lauderale,

FL 33301, telephone (954) 524-0253, before a person duly authorized to

administer oaths, and continuing from day to day thereafter until completed,

pursuant to the Federal Rules of Civil Procedure.

Cort Flint (Fed I.D. # 830)
McNair Law Firm, PA
P.O. Box 10827
Greenville, SC 29603-0827
Telephone: 864-232-4261
Attorneys for Plaintiff

GREENVILLE 253107v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

SubAir Systems, LLC,                )
                                    )
        Plaintiff,                  )
                                    )        Civil Action No. 1:06-CV-02620-RBH
v.                                  )
                                    )        CERTIFICATE OF SERVICE
PrecisionAire Systems, Inc., and    )
Precision Small Engine Company,     )
                                    )
        Defendants.                 )
                                    )

I hereby certify that a true copy of Plaintiff's Notice of Taking Depositions

(Rick Fitzwilliam, Chris Jones, Gene Ann Walkling and Charlene Napolitano) has

been served by first class mail, postage prepaid, on:

> Steven R. LeBlanc, Esquire
> Rodney K. E. Mintz, Esquire
> Douglas L. Lineberry, Esquire
> Dority & Manning, P.A.
> P. O. Box 1449
> Greenville, SC  29602
> Attorneys for Defendants

this 11th of April, 2008.

Gayle Myers

McNair Law Firm, PA
P.O. Box 10827
Greenville, SC  29603-0827
Telephone: 864-232-4261
Attorneys for Plaintiff

GREENVILLE 253113v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

SubAir Systems, LLC,                              )
                                                  )
      Plaintiff,                             )
                                                  )
      v.                                     )     Civil Action No. 1:06-cv-02620-RBH
                                                  )     Pending in the District of South Carolina,
PrecisionAire Systems, Inc., and                  )     Aiken Division
Precision Small Engine Company,                   )
                                                  )
                                                  )
      Defendants.                            )
_____)

## MOTION TO QUASH SUBPOENAS
## AND INCORPORATED MEMORANDUM IN SUPPORT

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| SubAir Systems, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06-cv-02620-RBH |
| | ) | Pending in the District of South Carolina, |
| PrecisionAire Systems, Inc., and | ) | Aiken Division |
| Precision Small Engine Company, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION TO QUASH SUBPOENAS**
**AND INCORPORATED MEMORANDUM IN SUPPORT**

# Rick Fitzwilliam

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN                    DISTRICT OF                    FLORIDA

| SUBAIR SYSTEMS, LLC | |
| V. | **SUBPOENA IN A CIVIL CASE** |
| PRECISION SMALL ENGINE COMPANY, ET AL. | Case Number:[1]  1:06-CV-02620-RBH (Dist of SC) |

TO:  Rick Fitzwilliam
     c/o Precision Small Engine Company
     2510 NW 16th Lane, Pompano Beach, FL  33064

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Veritext Court Reporters<br>1 East Broward Blvd., Fort Lauderdale, FL  33301 | DATE AND TIME<br>4/21/2008 9:00 am |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| Attorney for Plaintiff | 4/11/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Cort Flint, Attorney for Plaintiff, McNair Law Firm, PA
Bank of America Building, 101 North Main Street, Greenville, SC  29601  864-232-4261/fax 864-232-4437

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                   DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

SubAir Systems, LLC,                                 )
                                                     )
      Plaintiff,                             )
                                                     )
      v.                                     )    Civil Action No. 1:06-cv-02620-RBH
                                                     )    Pending in the District of South Carolina,
PrecisionAire Systems, Inc., and                     )    Aiken Division
Precision Small Engine Company,                      )
                                                     )
                                                     )
      Defendants.                            )
_____)

**MOTION TO QUASH SUBPOENAS**
**AND INCORPORATED MEMORANDUM IN SUPPORT**

# Chris Jones

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ FLORIDA

SUBAIR SYSTEMS, LLC

V.

PRECISION SMALL ENGINE COMPANY, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:06-CV-02620-RBH (Dist of SC)

TO:  Chris Jones
c/o Precision Small Engine Company
2510 NW 16th Lane, Pompano Beach, FL  33064

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION   Veritext Court Reporters<br>1 East Broward Blvd., Fort Lauderdale, FL  33301 | DATE AND TIME<br>4/21/2008 11:00 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 4/11/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Cort Flint, Attorney for Plaintiff, McNair Law Firm, PA
Bank of America Building, 101 North Main Street, Greenville, SC  29601  864-232-4261/fax 864-232-4437

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

SubAir Systems, LLC,                              )
                                                  )
        Plaintiff,                                )
                                                  )
        v.                                        )        Civil Action No. 1:06-cv-02620-RBH
                                                  )        Pending in the District of South Carolina,
PrecisionAire Systems, Inc., and                  )        Aiken Division
Precision Small Engine Company,                   )
                                                  )
                                                  )
        Defendants.                               )
_____ )

**MOTION TO QUASH SUBPOENAS
AND INCORPORATED MEMORANDUM IN SUPPORT**

# Gene Ann Walkling

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | FLORIDA |

SUBAIR SYSTEMS, LLC

V.

PRECISION SMALL ENGINE COMPANY, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:06-CV-02620-RBH (Dist of SC)

TO:  Gene Ann Walkling          or          c/o Precision Small Engine Company
     1449 NE 55th Street          at              2510 NW 16th Lane
     Fort Lauderdale, FL 33334                    Pompano Beach, FL  33064

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Veritext Court Reporters<br>1 East Broward Blvd., Fort Lauderdale, FL 33301 | DATE AND TIME<br>4/21/2008 1:00 pm |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| Attorney for Plaintiff | 4/11/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Cort Flint, Attorney for Plaintiff, McNair Law Firm, PA
Bank of America Building, 101 North Main Street, Greenville, SC  29601  864-232-4261/fax 864-232-4437

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| SubAir Systems, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06-cv-02620-RBH |
| | ) | Pending in the District of South Carolina, |
| PrecisionAire Systems, Inc., and | ) | Aiken Division |
| Precision Small Engine Company, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION TO QUASH SUBPOENAS**
**AND INCORPORATED MEMORANDUM IN SUPPORT**

# Charlene Napolitano

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN       DISTRICT OF       FLORIDA

SUBAIR SYSTEMS, LLC

V.

PRECISION SMALL ENGINE COMPANY, ET AL.

### SUBPOENA IN A CIVIL CASE

Case Number:[1] 1:06-CV-02620-RBH (Dist of SC)

TO: Charlene Napolitano     or Precision Small Engine Company
2215 Cypress Island Drive    at 2510 NW 16th Lane
Pompano Beach, FL 33069      Pompano Beach, FL  33064

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Veritext Court Reporters<br>1 East Broward Blvd., Fort Lauderdale, FL 33301 | DATE AND TIME<br>4/21/2008 3:00 pm |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 4/11/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Cort Flint, Attorney for Plaintiff, McNair Law Firm, PA
Bank of America Building, 101 North Main Street, Greenville, SC  29601  864-232-4261/fax 864-232-4437

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

---

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| SubAir Systems, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06-cv-02620-RBH |
| | ) | Pending in the District of South Carolina, |
| PrecisionAire Systems, Inc., and | ) | Aiken Division |
| Precision Small Engine Company, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**MOTION TO QUASH SUBPOENAS**</u>
<u>**AND INCORPORATED MEMORANDUM IN SUPPORT**</u>

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| SubAir Systems, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:06-CV-02620-RBH |
| v. | ) |
| | ) **AMENDED NOTICE OF TAKING** |
| PrecisionAire Systems, Inc., | ) **DEPOSITIONS** |
| Precision Small Engine Company, | ) |
| And Andrew M. Masciarella, | ) |
| | ) |
| Defendants. | ) |

To:     Steven R. LeBlanc, Esquire
        Rodney K. E. Mintz, Esquire
        Douglas L. Lineberry, Esquire
        Dority & Manning, P.A.
        P. O. Box 1449
        Greenville, SC  29602
        Attorneys for Defendants

        YOU WILL PLEASE TAKE NOTICE that the plaintiff herein, through its

attorneys, will take the deposition on oral examination of the following:

        (1)     Name:     Rick Fitzwilliam

                Time:     9:00 a.m.

                Date:     Monday, April 21, 2008

        (2)     Name:     Chris Jones

                Time:     11:00 a.m.

                Date:     Monday, April 21, 2008

        (3)     Name:     Gene Ann Walkling

                Time:     1:00 p.m.

GREENVILLE 253107v2

|        | Date:  | Monday, April 21, 2008  |
|--------|--------|-------------------------|
| (4)    | Name:  | Charlene Napolitano     |
|        | Time:  | 3:00 p.m.               |
|        | Date:  | Monday, April 21, 2008  |
| (5)    | Name:  | David Paul              |
|        | Time:  | 5:00 p.m.               |
|        | Date:  | Monday, April 21, 2008  |

at the office of Veritext Court Reporters, 1 East Broward Blvd., Fort Lauderale,

FL 33301, telephone (954) 524-0253, before a person duly authorized to

administer oaths, and continuing from day to day thereafter until completed,

pursuant to the Federal Rules of Civil Procedure.

Cort Flint (Fed I.D. # 830)
McNair Law Firm, PA
P.O. Box 10827
Greenville, SC 29603-0827
Telephone: 864-232-4261
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

SubAir Systems, LLC,                           )
                                               )
      Plaintiff,                          )
                                               )
      v.                                  )     Civil Action No. 1:06-cv-02620-RBH
                                               )     Pending in the District of South Carolina,
PrecisionAire Systems, Inc., and               )     Aiken Division
Precision Small Engine Company,                )
                                               )
                                               )
      Defendants.                         )
_____ )

**MOTION TO QUASH SUBPOENAS
AND INCORPORATED MEMORANDUM IN SUPPORT**

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

SubAir Systems, LLC,                        )
                                            )
    Plaintiff,                          )
                                            )
    v.                                  )   Civil Action No. 1:06-cv-02620-RBH
                                            )   Pending in the District of South Carolina,
PrecisionAire Systems, Inc., and            )   Aiken Division
Precision Small Engine Company,             )
                                            )
                                            )
    Defendants.                         )
_____)

**MOTION TO QUASH SUBPOENAS**
**AND INCORPORATED MEMORANDUM IN SUPPORT**

# David Paul

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN      DISTRICT OF      FLORIDA

SUBAIR SYSTEMS, LLC

V.

PRECISION SMALL ENGINE COMPANY, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:06-CV-02620-RBH (Dist of SC)

TO:   David Paul
17433-2 Alico Center Rd
Ft Myers, FL 33967

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Veritext Court Reporters  1 East Broward Blvd., Fort Lauderdale, FL 33301 | DATE AND TIME  4/21/2008 5:00 pm |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 4/14/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Cort Flint, Attorney for Plaintiff, McNair Law Firm, PA
Bank of America Building, 101 North Main Street, Greenville, SC 29601 864-232-4261/fax 864-232-4437

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) A subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| SubAir Systems, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:06-CV-02620-RBH |
| v. | ) |
| | ) CERTIFICATE OF SERVICE |
| PrecisionAire Systems, Inc., and | ) |
| Precision Small Engine Company, | ) |
| | ) |
| Defendants. | ) |
| | ) |

I, Shelle A. Yoho, an employee of counsel for the Plaintiff, do hereby certify that I served the below listed documents upon counsel for the Defendant, Dority and Manning, by hand delivering copies at the address listed below, this 14th day of April, 2008.

Counsel Served:          Steven R. LeBlanc, Esq.
                         Dority and Manning
                         One Liberty Square
                         55 Beattie Place, Suite 1600
                         Greenville, SC 29601

Documents Served:        Amended Notice of Taking Depositions

                                        Shelle A. Yoho
                                        Shelle A. Yoho
                                        McNAIR LAW FIRM, P.A.
                                        101 North Main Street, Ste. 900 (29601)
                                        Post Office Box 10827
                                        Greenville, SC 29603

GREENVILLE 253195v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

SubAir Systems, LLC,                          )
                                              )
      Plaintiff,                          )
                                              )
      v.                                  )    Civil Action No. 1:06-cv-02620-RBH
                                              )    Pending in the District of South Carolina,
PrecisionAire Systems, Inc., and              )    Aiken Division
Precision Small Engine Company,               )
                                              )
                                              )
      Defendants.                         )
_____)

**MOTION TO QUASH SUBPOENAS**
**AND INCORPORATED MEMORANDUM IN SUPPORT**

# Exhibit E

WELLINGTON M. MANNING, JR.
JULIAN W. DORITY
JAMES M. BAGARAZZI
RICHARD M. MOOSE
STEPHEN E. BONDURA
TIMOTHY A. CASSIDY
JEFFREY M. KARMILOVICH
TIM F. WILLIAMS
JASON W. JOHNSTON
STEVEN R. LE BLANC
NEIL M. BATAVIA
ERIC G. ZAISER
RODNEY K. E. MINTZ
J. PARKS WORKMAN
RYAN P. HARRIS
DOUGLAS L. LINEBERRY#
CHRISTINA MANGELSEN*
HARRY E. MOOSE, JR.*
JENNIFER L. ULSH*

*OF COUNSEL
#PATENT AGENT ONLY

# DORITY & MANNING
## ATTORNEYS AT LAW, P.A.

ONE LIBERTY SQUARE
55 BEATTIE PLACE, SUITE 1600
GREENVILLE, SOUTH CAROLINA  29601  USA

———

TELEPHONE (864) 271-1592
FACSIMILE (864) 233-7342
www.dority-manning.com

April 15, 2008

PATENTS, TRADEMARKS,
COPYRIGHTS & RELATED
LITIGATION

———

MAILING ADDRESS
POST OFFICE BOX 1449
GREENVILLE, SOUTH CAROLINA  29602
USA

**Via Facsimile Only – 864.232.4437**
Cort Flint
McNair Law Firm
P. O. Box 10827
Greenville, SC 29603

> **Re:**   SubAir Systems, LLC v. Precision Small Engine Company, et al.
>             Case No.: 1:06-cv-2620-RBH

Dear Cort:

Please allow this letter to respond to your various letters from the last several days regarding scheduling the parties' remaining depositions. Judge Floyd pushed back the start of the Super Duper trial two days, to April 17. Therefore, we are not available for depositions between April 17 and May 2. As such, we will need to reschedule Marsh Benson's April 29 deposition. Please let me know convenient dates for Mr. Benson's deposition in early May.

I am available to discuss the parties' discovery plan proposal tomorrow morning. Please let me know if 10:00 AM tomorrow works for you. In the meantime, it might help if you would circulate SubAir's proposed discovery plan before we continue our discussion.

Sincerely,

Rodney K. E. Mintz

RKEM/db

IN·THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SubAir Systems, LLC,          )
                                      )
      Plaintiff,          )
                                      )
      v.               )     Civil Action No. 1:06-cv-02620-RBH
                                      )     Pending in the District of South Carolina,
PrecisionAire Systems, Inc., and    )     Aiken Division
Precision Small Engine Company,    )
                                      )
                                      )
      Defendants.         )
_____)

## MOTION TO QUASH SUBPOENAS
## AND INCORPORATED MEMORANDUM IN SUPPORT

# Exhibit F

WELLINGTON M. MANNING, JR.
JULIAN W. DORITY
JAMES M. BAGARAZZI
RICHARD M. MOOSE
STEPHEN E. BONDURA
TIMOTHY A. CASSIDY
JEFFREY M. KARMILOVICH
TIM F. WILLIAMS
JASON W. JOHNSTON
STEVEN R. LE BLANC
NEIL M. BATAVIA
ALAN R. MARSHALL
ERIC G. ZAISER
RODNEY K. E. MINTZ
J. PARKS WORKMAN
RYAN P. HARRIS
DOUGLAS L. LINEBERRY#
CHRISTINA MANGELSEN*
HARRY E. MOOSE, JR.*
JENNIFER L. ULSH*

*OF COUNSEL
*PATENT AGENT ONLY

# DORITY & MANNING
## ATTORNEYS AT LAW, P.A.

ONE LIBERTY SQUARE
55 BEATTIE PLACE, SUITE 1600
GREENVILLE, SOUTH CAROLINA 29601 USA

———

TELEPHONE (864) 271-1592
FACSIMILE (864) 233-7342
www.dority-manning.com

April 16, 2008

PATENTS, TRADEMARKS,
COPYRIGHTS & RELATED
LITIGATION

———

MAILING ADDRESS
POST OFFICE BOX 1449
GREENVILLE, SOUTH CAROLINA 29602
USA

———

**Via Facsimile Only – 864.232.4437**
Cort Flint
McNair Law Firm
P. O. Box 10827
Greenville, SC 29603

> **Re:** SubAir Systems, LLC v. Precision Small Engine Company, et al.
> Case No.: 1:06-cv-2620-RBH

Dear Cort:

Please allow this letter to respond to your letter of April 15, 2008.  You proposed a deposition schedule for at least 15 more depositions, not including those you have already taken.  You also insist that the 5 Precision employee depositions randomly noticed for April 21 must proceed accordingly due to witness arrangements and attorney travel reservations.

Please be advised that we object to the 5 Precision employee depositions randomly noticed for April 21.  As you know, we are not available for depositions between April 17 and May 2 due to a scheduled trial before Judge Floyd.  While I am not directly participating at trial, I am providing trial support throughout the duration of the Super Duper trial.  Therefore, Defendants do not plan on appearing for depositions during the weeks of April 21 and 28.  In follow-up to my April 15 letter, please let me know convenient dates for rescheduling Mr. Benson's deposition in early May.

We also object to these depositions for at least the following reasons.  The short notice provided for the Precision employee depositions is not reasonable.  The first time SubAir identified a desire to depose these 5 Precision employees was April 11 and 14, respectively.  You did not attempt to coordinate dates with us prior to noticing these depositions.  You randomly noticed these depositions, all for the same day (April 21), knowing all along of our scheduling conflict.  In addition to the scheduled trial in Federal Court, SubAir's attempt to conduct these depositions in that manner on April 21 is harassing and unduly burdensome to Defendants' business and the witnesses.

Further, you have taken and now noticed far more than 10 depositions. Defendants do not consent to SubAir taking more than 10 depositions. Hopefully, we can work through these issues this morning and come to an agreement on the parties' remaining discovery schedule. I will call you to discuss these discovery issues around 10 AM this morning. I am unable to come to your office due to ongoing trial preparation in the Super Duper case.

Sincerely,

Rodney K. E. Mintz

RKEM/db

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

SubAir Systems, LLC,           )
           )
       Plaintiff,       )
           )
      v.          )     Civil Action No. 1:06-cv-02620-RBH
           )     Pending in the District of South Carolina,
PrecisionAire Systems, Inc., and  )     Aiken Division
Precision Small Engine Company,  )
           )
           )
       Defendants.    )
           )

<u>**MOTION TO QUASH SUBPOENAS
AND INCORPORATED MEMORANDUM IN SUPPORT**</u>

# Exhibit G

# MCNAIR LAW FIRM, P.A.

## INTELLECTUAL PROPERTY GROUP
### ATTORNEYS AND COUNSELORS AT LAW

CORT FLINT
cflint@mcnair.net

BANK OF AMERICA PLAZA
101 NORTH MAIN STREET, SUITE 900
GREENVILLE, SOUTH CAROLINA 29601

www.mcnair.net

POST OFFICE BOX 10827
GREENVILLE, SOUTH CAROLINA 29603
TELEPHONE (864) 232-4261
FACSIMILE (864) 232-4437

April 16, 2008

Via email: rmintz@dority-manning.com

Rodney K. E. Mintz, Esquire
Dority & Manning
P. O. Box 1449
Greenville, SC 29602

> RE: SubAir Systems, LLC v. Precision Small Engine Company, et al.
> Case No. 1:06-cv-02620-RBH

Dear Rodney:

I have reviewed your letter of this morning after our telephone conversation concerning the Precision employee depositions and other discovery matters.

As you know, the Court's Order of March 25, 2008 ordered the parties to proceed with discovery "forthwith," and in the event the parties, after demonstration of a sufficient good faith effort to the Court, are unable to complete discovery, they may seek an extension of the scheduling deadlines at the expiration of discovery. Therefore, we feel obligated to complete the depositions scheduled for April 21st.

On April 2, 2008, I met with you and Steve at your office and presented a plan for completing depositions with some requiring completion after the close of discovery. You were to consider the plan and get back with me, but you never did, even after several inquiries. In particular, Steve requested no depositions be held during the week of April 14th because of the Super Duper trial, and I agreed subject to you attempting to work out the Wait/TRW deposition which you failed to do.

I did subsequently consent to your taking the Benson deposition after the close of discovery, but you never agreed or attempted to work out the plaintiffs' depositions.

Plaintiff is obligated to complete any depositions it can before discovery closes on April 22, 2008, and I am obligated to my client to proceed with the employee depositions on April 21st.

If you want to confer with the court on the employee depositions, I will be glad to join in.

## TechAttorney®

ANDERSON   •   BLUFFTON   •   CHARLESTON   •   CHARLOTTE   •   COLUMBIA   •   GEORGETOWN   •   GREENVILLE   •   HILTON HEAD ISLAND   •   MYRTLE BEACH

**McNAIR LAW FIRM, P.A.**
ATTORNEYS AND COUNSELORS AT LAW

Rodney K. E. Mintz, Esquire
April 16, 2008
Page 2

In regard to the number of depositions, SubAir will file for Leave of Court to take more than 10 dispositions. Not counting the jurisdictional depositions, SubAir is presently scheduling 15 depositions, five of which are short and being taken on one day. This is a very reasonable number of depositions in a patent case. Of course, this does not count expert depositions, if taken.

I am enclosing a proposed Amended Scheduling Order. Hopefully, we can work this out and file it by the end of the week. If we cannot consent to this or another proposal, Plaintiff will file the enclosed on their own.

May I please hear from you soon.

With kind regard.

Cordially yours,

CF:say

Cort Flint

Enclosure

GREENVILLE 253302v1

%JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a)  PLAINTIFFS

SubAir Systems, LLC

**(b)** County of Residence of First Listed Plaintiff   Aiken, South Carolina
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Cort Flint, McNair Law Firm, P. O. Box 10827, Greenville, SC 29603
864-232-4261

**DEFENDANTS**

Precision Small Engine Company and PrecisionAire Systems, Inc.

County of Residence of First Listed Defendant   Broward
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

Martin J. Champagne, Jr., Haas Dutton, 4921 Memorial Highway, Suite 200, Tampa, FL 33634, 813-247-2222

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

FTL= 08mc60570

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                 and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

INTAKE

FILED by ☐ D.C.
APR 21 2008

STEVEN M. LARIMORE
CLERK U.S. DIST CT.
S.D. OF FLA. MIAMI

## V. ORIGIN  (Place an "X" in One Box Only)

☑ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Re-filed-(see VI below)
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO          b) Related Cases ☑ YES ☐ NO

JUDGE Harwell, District of South Carolina    DOCKET NUMBER 1:06-cv-02620-RBH

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

Federal Rule of Civil Procedure 45 - Motion to Quash Subpoenas issued out of the Southern District of Florida

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   4/18/2008

FOR OFFICE USE ONLY
AMOUNT 39.00   RECEIPT # 978936

04/21/08