UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60570-CIV-DIMITROULEAS/ROSENBAUM

SUBAIR SYSTEMS, LLC,

        Plaintiff,

v.

PRECISIONAIRE SYSTEMS, INC., and
PRECISION SMALL ENGINE COMPANY,

        Defendants.
_____/

## ORDER

This matter comes before the Court upon Defendant Precision Small Engine Company's ("Defendant") Motion to Quash Subpoenas [D.E. 1] pursuant to an Order of reference entered by the Honorable William P. Dimitrouleas. [D.E. 3]. The Court has carefully reviewed Defendant's Motion as well as Plaintiff's Motion to Compel and Response in Opposition to Defendant's Motion to Quash Subpoenas. [D.E. 2]. For the reasons articulated below, the Court will **DENY WITHOUT PREJUDICE** Defendant Precision Small Engine Company's Motion to Quash Subpoenas [D.E. 1] and **DENY WITHOUT PREJUDICE** Plaintiff's Motion to Compel and Response in Opposition to Defendant's Motion to Quash Subpoenas [D.E. 2].

### *I. DISCUSSION*

On April 21, 2008, Defendant filed its Motion to Quash Subpoenas which is now before the undersigned for consideration. The subpoenas at issue require the attendance of a number of Defendant's employees for deposition. The underlying action in which the subpoenas were served

alleges patent infringement and is pending in the District of South Carolina.  *See* D.E. 2 at p. 2.  In the underlying case, the parties are the same.  That is, Subair Systems is the plaintiff, and Precision Small Engine Company is the defendant, along with co-defendant Precisionaire Systems, Inc.  Defendant filed the Motion to Quash with this Court because the subpoenas were issued out of the Southern District of Florida, as the deponents are located in Pompano Beach, Florida.[1]

Defendant claims that Plaintiff randomly noticed the depositions of four of its employees and one former employee, and concurrently served these individuals with subpoenas requiring their attendance for deposition on April 21, 2008.  Defendant contends that it notified Plaintiff of its objections to the deposition subpoenas for a number of reasons.  Those alleged deficiencies include the following:  (1) Plaintiff has failed to provide reasonable notice to either the witnesses or opposing counsel, (2) Plaintiff has taken, noticed, and indicated a desire to take more than ten depositions in this case, (3) lead counsel for Defendant is presently in trial in another federal case pending in the District of South Carolina and is unavailable to attend the depositions, (4) Plaintiff has not attempted to coordinate mutually convenient dates for these depositions with either Defendants or the witnesses, and (5) Plaintiff has scheduled the depositions for the same day making it harassing and unduly burdensome to Defendant's business and the witnesses.  Through the filing of its Motion, Defendant seeks for the Court to issue an Order quashing the subpoenas served by Plaintiff on Defendant's employees.

On the same day that the Motion was filed, Plaintiff filed its Motion to Compel and Response in Opposition to Defendant's Motion to Quash Subpoenas. [D.E. 2].  Plaintiff asserts that the Motion to Quash is improper and should be withdrawn because the presiding Court's (*i.e.*, District of South

---

[1] However, it is not clear from the filings that the subpoenas were actually served.

Carolina) Scheduling Order requires the parties to conduct an informal conference with the presiding Judge prior to filing any discovery motions. Plaintiff contends that Defendant's violation of the presiding Court's Order compels the undersigned to deny the Motion and renders the remaining arguments raised therein moot. *See* D.E. 2 at p. 2.

Notwithstanding this contention, Plaintiff argues that the subpoenas (1) were served with reasonable notice to Defendant and the deponents, (2) will make the total number of depositions to date nine, (3) will not require lead counsel's presence because at least two other experienced attorneys of record in this case will be available to defend in these depositions, (4) noticed four employees and one former employee of Defendant, and (5) scheduled the depositions in question for the only time available before the close of the discovery period which was the following day, April 22, 2008. Plaintiff also contends that, at least with respect to one of the subpoenas issued to a former employee, Defendant lacks standing to bring its Motion to Quash.

## II. ANALYSIS

### A.     Defendant's Standing to Seek Motion to Quash

The subpoenas at issue do not contain *duces tecum* requests for document production. Instead, they are merely subpoenas to compel attendance of various individuals for deposition. It is further noteworthy that the Motion to Quash has not been raised by the deponents to whom the subpoenas were directed. Instead, the Motion to Quash was filed by a party in the case. This factual background raises a question as to whether Defendant has standing to proceed on its Motion to Quash.

Generally, a party does not have standing to challenge a subpoena served on another, unless that individual has a personal right or privilege with respect to the subject matter of the subpoena.

*Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979);[2] *Barrington v. Mortgage IT, Inc.*, 2007 WL 4370647, *1 (S.D. Fla. Dec. 10, 2007); *Estate of Yaron Ungar v. Palestinian Authority*, 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005).  It is questionable here whether Defendant has standing to bring the instant Motion to Quash.[3]  Defendant has not specifically set forth the personal right or privilege that it has with respect to the subject matter of the subpoenas.  In fact, since the subpoenas at issue do not contain *duces tecum* requests, it is difficult for the Court to determine precisely the subject matter of the depositions that are set to take place in this District.  And, as raised by Plaintiff, the lack of standing is particularly at issue with respect to Defendant's former employee, David Paul.  Because Defendant has not clearly articulated the personal right or privilege that it has regarding the subject matter of the subpoenas, it appears that Defendant lacks standing to bring the instant Motion.[4]

Even assuming, *arguendo,* that Defendant has standing to bring the instant Motion, the grounds upon which the Motion was brought indicate that the Motion is more appropriately viewed

---

[2]  Decisions of the Fifth Circuit issued prior to October 1, 1981 are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cit. 1981).

[3]  To the extent that Defendant's Motion may be interpreted to view the depositions as depositions of Defendant, as opposed to depositions of individuals who happen to be employed by Defendant, no subpoena is necessary to secure the appearance of a party at deposition.  *See* Rule 30(a)(1), Fed. R. Civ. P. ("A party may take the testimony of any person, including a party, by deposition upon oral examination . . . .  The attendance of *witnesses* may be compelled by subpoena . . . .") (emphasis added).  Rather, a notice of deposition will suffice.  *See* Rule 30(b)(1), Fed. R. Civ. P.  Consequently, under a theory that the depositions noticed are for depositions of Defendant, quashing the subpoenas would be meaningless in the absence of the entry of a protective order relieving Defendant of its duty to comply with the deposition notices.

[4]  The Court is aware that Defendant objects to the issuance of the subpoenas on the grounds of timeliness.  However, Rule 45(c)(3)(A)(I) requires the issuing court to quash or modify the subpoena only when it fails to allow a "reasonable time" to comply.  Here, the subpoenas directed to four of the individuals provided ten days notice to the deponents, which could be deemed "reasonable."

as a motion for protective order. Indeed, Defendant does not object to the substance of the depositions sought or the individuals that Plaintiff seeks to depose. Instead, Defendant's complaints center around litigation practicalities. Defendant essentially objects on convenience grounds and on the basis that Plaintiff seeks to take more than ten depositions. Specifically, Defendant contends that Plaintiff failed to provide any prior notice of its desire to take the depositions and randomly noticed the depositions for a time where Defendant had a scheduling conflict. Defendant argues that the manner in which the depositions were set is harassing and unduly burdensome to Defendant's business and the witnesses. It claims that it is a small business and having half of its workforce in depositions for an entire day will have a detrimental impact on its ability to conduct business.

Likewise, Defendant states that its counsel is in trial in another case in the District of South Carolina which may run through May 2, 2008. Thus, Defendant contends that lead counsel is unavailable to attend his client's employee depositions as noticed. Defendant emphasizes that ignoring the scheduling conflict is contrary to professional courtesy and the South Carolina Lawyer's Oath. Overall, Defendant contends that the random noticing of the depositions knowing counsel's conflicts warrants quashing the subpoenas. Finally, as noted above, Defendant asserts that Plaintiffs seek to go beyond the allowable ten-deposition presumptive limitation without first obtaining leave of court to do so. In other words, Defendant's objections to the subpoenas all arise in the context of Defendant's status as a party to the underlying litigation and must be considered against the background of the conduct of discovery as a whole in the underlying case.

Thus, the Court finds the grounds recited by Defendant to be more appropriately considered as a motion for protective order than as a motion to quash. Accordingly, the Court will treat the

Motion as a Rule 26 motion for protective order.[5]  Rule 26(c), Fed. R. Civ. P., provides, in relevant part, as follows:

> Upon motion by a party or by the person from whom discovery is sought, . . . and for good cause shown, the court <u>in which the action is pending</u> . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

(emphasis added).  Based upon the directives of Rule 26(c), this Court does not have jurisdiction to rule on the motion now before the Court.  For this reason, Defendant's Motion must be denied without prejudice.  However, Defendant may re-file its Motion with the District of South Carolina as that is the court in which the action is pending.

       **B.**       **Issues that Impact the Trial and Rules Unique to South Carolina**

Other aspects of the Motion to Quash further warrant Defendant to re-file its Motion in the District of South Carolina.  Significantly, issues that directly impact the trial of this matter, as well as rules unique to South Carolina and prior orders entered by the presiding Court are at issue. First, according to the parties, discovery in this matter closed on April 22, 2008, the day after the Motion to Quash was filed.  Since the discovery cut-off has now passed, if the undersigned were to rule on the Motion as presented, it would effectively be required to determine whether the parties could conduct discovery outside of the discovery period.  Such a ruling would directly impact the trial of

---

[5]  *See Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. 2005) (finding that defendants, as parties to the case, had standing to move for a protective order where subpoenas sought irrelevant information); *Mayes v. City of Oak Park*, 2007 WL 187941 (E.D. Mich. 2007); *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18 (D.D.C. 2005).

this matter which is not being heard by this Court.

Likewise, the allegation that Plaintiff seeks to conduct more than ten depositions (although refuted by Plaintiff) also directly impacts the discovery management of this case. Ruling on such an objection would require this Court to make factual findings concerning the necessity of each of the depositions already taken by Plaintiff outside this District, as well as of the depositions at issue. Thus, this Court would be ruling on the proper scope of discovery outside this District in a case pending in another District. There is simply nothing to justify this Court's intervention in the District of South Carolina's management of its discovery and trial docket. These matters are more appropriately handled by the presiding Court.

Additionally, issues relating to professional courtesy, including the Local Rules of the District of South Carolina and the South Carolina Lawyer's Oath are implicated by the Motion to Quash. One of the grounds upon which Defendant objects to the subpoenas is that Plaintiff ignored scheduling conflicts – "contrary to professional courtesy and the South Carolina's Lawyer's Oath. *See* D.E. 1 at p. 5. Perhaps most significant, Plaintiff contends that the Motion to Quash was filed in violation of the presiding Court's Scheduling Order as that Order requires the parties to confer in an attempt to resolve the matter under the Local Rules and also to conduct a telephone conference with the presiding Judge in an attempt to resolve the matter informally. Plaintiff asserts that although the parties conferred about the pending Motion, Defendant filed the Motion without first conducting a telephone conference with the presiding Judge. Particularly since the requirement was contained in the presiding Court's Order, whether a violation of the requirement occurred, and how to handle such an alleged violation is more appropriately handled by the presiding Court.

### *III. CONCLUSION*

Accordingly, for the reasons set forth herein, Defendant Precision Small Engine Company's Motion to Quash Subpoenas [D.E. 1] is hereby **DENIED WITHOUT PREJUDICE**. Defendant may re-file its Motion (more appropriately termed as a motion for protective order) with the presiding Court, if necessary. Additionally, Plaintiff's Motion to Compel and Response in Opposition to Defendant's Motion to Quash Subpoenas [D.E. 2] is also **DENIED WITHOUT PREJUDICE** and, likewise, Plaintiff may re-file its Motion with the presiding Court, if necessary.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 25th day of April, 2008.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:   Honorable William P. Dimitrouleas

counsel of record